Argued and submitted November 15, 2021; vacated and remanded for entry of judgment declaring rights of the parties March 30, 2022

Lois McPHERSON,
*Plaintiff-Appellant,*
*and*

Douglas BANKLER
and Debra Bankler, individually and
on behalf of all similarly situated,
*Plaintiffs,*

*v.*

COOS BAY-NORTH BEND WATER BOARD,
a municipal corporation and utility, and
City of North Bend, a public entity,
*Defendants-Respondents.*

Coos County Circuit Court
19CV43695; A174607

509 P3d 715

Plaintiff appeals from a judgment dismissing her declaratory judgment action, seeking a declaration that the billing and collection of a public-safety fee by the City of North Bend via water bills from the city's water board violates the city's charter. Plaintiff assigns error to the trial court's grant of defendant city's motion for summary judgment. *Held*: The trial court did not err in granting the city's motion for summary judgment. The city's practice of billing for public-safety services as a line item on water bills of the city's water board does not violate a provision of the city's charter relating to the water board, which requires that income to the water board derived from the operation of a water system be used for specific water-related purposes. The public-safety fee is not income to the water board; the money is remitted to the city's general fund for public safety. And the funds billed for public safety are not derived from the operation of a water system; they do not pay for water services, but for public safety. No other provision of the city's charter prohibits the city from billing for public safety through water bills. The trial court did not err in granting the city's motion for summary judgment. However, the case is vacated and remanded for entry of a judgment declaring the rights of the parties.

Vacated and remanded for entry of judgment declaring rights of the parties.

Andrew E. Combs, Judge.

Emily Teplin Fox argued the cause for appellant. Also on the briefs were Julie Sugano O'Reilly, Emily Rena-Dozier, William Niese, and Oregon Law Center.

Luke W. Reese argued the cause for respondent Coos Bay-North Bend Water Board. On the joint answering brief were Matthew J. Kalmanson and Hart Wagner LLP, Luke W. Reese, Shayna M. Rogers, and Garrett Hemann Robertson PC.

Matthew J. Kalmanson argued the cause for respondent City of North Bend. On the joint answering brief were Matthew J. Kalmanson and Hart Wagner LLP, Luke W. Reese, Shayna M. Rogers, and Garrett Hemann Robertson PC.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

TOOKEY, P. J.

Vacated and remanded for entry of judgment declaring rights of the parties.

**TOOKEY, P. J.**

Defendant City of North Bend imposes a fee on residents for public safety, which is billed as a line item on monthly water and sewer utility bills.[1] Water and sewer utility bills are sent to ratepayers by defendant Coos Bay-North Bend Water Board (water board), which is a "joint instrumentality" of the cities of Coos Bay and North Bend and which operates the infrastructure for the provision of water services to both cities. *See* ORS 225.050 (providing that cities may jointly construct and operate water works).

Plaintiffs brought this action, seeking a declaration that the billing and collection of the public-safety fee via water bills violates the city's charter.[2] The facts are undisputed, and the issue before the trial court concerned an interpretation of the city's charter. The parties filed cross-motions for summary judgment. The trial court wrote a letter opinion explaining that the city's billing for public-safety fees through the water board was authorized by the city's charter. The court granted defendants' motion, denied plaintiffs' motion, and dismissed plaintiffs' claims, and plaintiff Lois McPherson appeals. We conclude that the trial court did not err in determining that the city's billing practice does not violate the city's charter, but we vacate and remand the judgment for entry of a declaration.

The city is a home-rule municipality.[3] Its charter provides that the city has "all powers that the constitutions, statutes and common law of the United States and of the

---

[1] It is apparently a common practice among municipalities to include fees for other municipal services on water bills. *See, e.g.*, *Knapp v. City of Jacksonville*, 342 Or 268, 151 P3d 143 (2007) (upholding against constitutional challenges the City of Jacksonville's imposition of a monthly public-safety fee that was billed by the city in its water bill).

[2] Plaintiff also requested supplemental relief of an accounting, an injunction, imposition of a constructive trust, and restitution.

[3] The home-rule provisions of the Oregon Constitution grant cities broad authority to regulate to the full extent allowed by their charters. Or Const, Art XI, § 2; Art IV, § 1(5) (authorizing local governments to regulate to the extent of their charters); *Rogue Valley Sewer Services v. City of Phoenix*, 357 Or 437, 445, 353 P3d 581 (2015); *LaGrande/Astoria v. PERB*, 281 Or 137, 576 P2d 1204, *adh'd to on recons*, 284 Or 173, 586 P2d 765 (1978). A city's charter is "in effect, the city constitution." *Portland Police Assn. v. Civil Service Board*, 292 Or 433, 440, 639 P2d 619 (1982).

State of Oregon now or hereafter expressly or impliedly grant or allow the city as fully as though this charter specifically enumerated each of those powers." The charter states that it is to be "liberally construed so that the city may exercise fully all its powers possible under this charter and under United States and Oregon law."

The charter establishes the water board. The city's water works, owned jointly by the City of North Bend and the City of Coos Bay, are "entirely under the control of" the water board. The city's charter, Chapter 10, Section 38, provides:

> "The *income derived from the operation of a water system* owned and operated as herein provided shall be disposed of in the following manner:
>
> "(1)   The payment of costs and expenses of operation, maintenance and repairs to said water system.
>
> "(2)   The payment to each city of the amounts necessary to pay the principal of and interest on any bonds issued to pay for the acquisition of such water system, and for improvements and extensions thereof.
>
> "(3)   In making of improvements and extensions to said system of waterworks."

(Emphasis added.)

Pursuant to an "intergovernmental agreement" and ordinances, the city's public-safety fee is billed by the water board and listed as a separate line item in the water bills to ratepayers. The funds collected by the water board for the public-safety fee are not used by the water board for water services; they are remitted to the city for deposit in the city's general fund for public-safety services. The city pays the water board an annual fee for its billing and collection services.[4]

The issue presented by plaintiffs on appeal is whether the city's billing practice is prohibited by Chapter 10, Section 38, of the city's charter. That question depends in part on a construction of the city's charter, which follows

---

[4] The water board bills and collects sanitation-sewer and storm-water system fees for the city pursuant to a similar agreement.

the same analysis as the construction of a statute. *DeFazio v. WPPSS*, 296 Or 550, 569, 679 P2d 1316 (1984). Thus, our analysis begins with the text of the disputed provision.

Section 38 provides that "income derived from the operation of a water system" is to be disposed of by the water board exclusively for one of the three listed water-related purposes. Plaintiff notes that the provision of public safety is not one of the three listed water-related purposes. Thus, plaintiff argues: "Integrating a [public-safety] fee into rate-payers' water bills, imposed and collected by the Water Board, results in a diversion of Water Board income in violation of section 38 of the City Charter."[5]

The straightforward reason for our rejection of that contention is that the public-safety funds collected by the water board are not "income derived from the operation of a water system." First, the record on summary judgment shows that those funds are not "income" to the water board at all; the water board does not retain the funds. The water board simply serves as the city's agent for the billing and collection of the public-safety fee, which it then remits to the city. Second, the public-safety fees collected by the water board are not "derived from the operation of a water system." The fees are not paid for services related to the operation of the

---

[5] We note that plaintiff mentions several times in her briefs that the intergovernmental agreement between the city and the water board requires the water board to apply the same procedures for the collection of past-due billings of the public-safety fee as those available for nonpayment of the water bill, which can include the shut-off of water. That intergovernmental agreement provides:

"The Water Board will provide to City enforcement services to collect these fees by utilizing the adopted Water Board procedures for collection of past due billings in accord with the Water Board's rules and regulations.

"These procedures include, but are not limited to, Water Board providing notice to City customers that unless the Water Board billing for water services, City's fees for City's storm water, sewer services and Public Safety fees are paid, the Water Board will follow its customary procedures to collect past due billings, which may include termination of water service to such customer(s) in accord with the Water Board's rules and regulations for the termination of water service for non-payment of billings received from the Water Board."

The intergovernmental agreement's provisions relating to the collection of delinquent public-safety fees are not directly challenged and are not before us on this appeal, which involves only the question whether the city's practice of having the water board bill for the public-safety fee in the water bill violates the city's charter.

water system; they are paid for public-safety services. The water board acts only in an administrative capacity to bill and collect the fee for the city. Because the fees collected are not "income derived from the operation of the water system," they are not subject to the requirement that they be used for the three purposes described in Chapter 10, Section 38.

Finally, we have not identified any provision in the city's charter that prevents the city from billing and collecting the public-safety fee through the water board's billing. Thus, we conclude that the trial court did not err in determining that the city's billing and collection for the public-safety service fee through the water board does not violate the charter. And we further conclude that the trial court did not err in granting defendants' motion for summary judgment and denying plaintiff's motion.

However, the trial court's dismissal of plaintiff's declaratory judgment claim was not the proper disposition, and we therefore vacate and remand the judgment so that the trial court can issue a judgment declaring the effect of Chapter 10, Section 38. *See, e.g.*, *Western Radio Services Co. v. Verizon Wireless, LLC*, 297 Or App 446, 454, 442 P3d 218, *rev den*, 365 Or 534, (2019) (explaining that the proper disposition in a declaratory judgment action is issuance of a declaration as to the rights of the parties).[6]

Vacated and remanded for entry of judgment declaring rights of the parties.

---

[6] In light of our disposition, we do not reach plaintiff's second assignment, in which she contends that the trial court erred in rejecting her motion for certification of a class.